IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

KINSDALE INSURANCE,               )
COMPANY,                          )
                                  )
        Plaintiff,                )        CIVIL ACTION
                                  )        FILE NO. 1:25-cv-02288-LMM
v.                                )
                                  )
CAMELOT CLUB                      )
CONDOMINIUM ASSOCIATION,          )
INC., CAMELOT CLUB                )
HOMEOWNERS SERVICE, CORP., )
AND MIQUAVIOUS BLANCHARD,)
                                  )
        Defendants.               )

**DEFENDANT CAMELOT CLUB CONDOMINIUM ASSOCIATION,
INC.'S RULE 26(a)(1) INITIAL DISCLOSURES**

Defendant Camelot Club Condominium Association, Inc., through its counsel

Cobb, Olson & Andrle, LLC, makes the following initial disclosures pursuant to

Fed.R.Civ.P. 26(a)(1) and Local Rule 26.1, based on information currently available

to it.  These initial disclosures are made without waiver of any applicable objections,

including without limitation:

- any objections to the disclosure of information protected by the attorney-client privilege, the work product doctrine, and/or any other applicable privilege or immunity;

- any objections based upon lack of relevance, that information or documents are confidential, that the production of documents would be unreasonably cumulative or duplicative, that the information can be obtained from other source(s) more conveniently, with less burden and less expense, or, or that the burden or expense of discovery outweighs its likely benefit; and/or

- any objections to the production of witnesses, documents, or things that are outside of the jurisdiction of the Court and/or beyond Defendant's possession or control.

These initial disclosures are made early in this litigation and may, if warranted, be supplemented, modified, or amended, pursuant to Fed. R. Civ. P. 26(e) and Local Rule 26.1.

**(1) If the defendant is improperly identified, state defendant's correct identification and state whether defendant will accept service of an amended summons and complaint reflecting the information furnished in this disclosure response.**

2

Not applicable.

**(2) Provide the names of any parties whom defendant contends are necessary parties to this action, but who have not been named by plaintiff. If defendant contends that there is a question of misjoinder of parties, provide the reasons for defendant's contention.**

Not applicable.

**(3) Provide a detailed factual basis for the defense or defenses and any counterclaims or crossclaims asserted by defendant in the responsive pleading.**

Plaintiff Kinsale Insurance Company ("Kinsale" issued commercial insurance policy No. 0100192584-0 (the "Policy") to Camelot Club Condominium Association Inc. ("Camelot Club") on or around May 30, 2022. The Policy requires Kinsale to defend and indemnify Camelot Club in connection with claims asserted against Camelot Club in Miquavious Blanchard v. Camelot Club Condominium Association, Inc., Civil Action Fille No. 24EV011122 (the "State Court Case"). In the State Court Case, the counts leveled against Camelot Club include: negligent security (Count I) and negligence relating to premises liability (Count II). See State Court Case, ¶¶ 27- 29. The damages asserted by Plaintiff as result of the Defendant's negligence in the State Court Case include, *inter alia*: (a) bodily injury, (b) pain and suffering, (c)mental anguish, (d) expenses, (e) loss of earnings and (f) aggravation of existing conditions.  Id. at ¶ 21.

3

Pursuant to Plaintiff's Complaint for Declaratory Judgment filed in the case *sub judice*, the exclusions that Kinsale seeks a declaratory judgment for are: (1) "Assault or Battery' and (2) 'Eviction and Failure to Maintain Exclusion'. [Doc. No. 1]. Therefore, even to the extent that Plaintiff is successful regarding a duty of defense with respect to the claims of negligence against Camelot Club (despite Defendant's position that the antecedent event of any attempted robbery does not necessary mean it is the material cause of the subject occurence), the lion's share of the claims as leveled in the State Court Case would remain as covered claim for indemnity and defense.[1]   As such, Kinsale is required to maintain defense coverage for all claims in the State Court Case.

Going further, the claims in the State Court Case are covered by the Policy as the claim for exclusions are inapplicable or have been waived. While these facts are still under review, to the extent that the Reservation of Rights that Kinsale issued did not properly reserve the right to each claim now challenged, the reservation was not operative and therefore has been waived. To the extent that any reservation in such notice was ambiguous or misleading or represents incongruency with the efforts now by Kinsale to now seek a declaration with respect to "all claims" asserted

---

[1] The State Court case was dismissed without prejudice on June 16, 2025. Therefore at this moment, there is no active case or controversy relating to the underlying suit requiring adjudication of coverage with respect to representation or indemnity.

in the State Court Case, such reservation is now waived.

Finally, what is absolutely clear is that Plaintiff's claims are ripe for a dispositive motion by Camelot Club pursuant to Federal Rule of Civile Procedure 12(b)(6) for failure to state a claim as Kinsale's declaratory judgment action. At least with respect to indemnification, adjudication in favor of Plaintiff is not ripe because there has not been a decision of liability against Camelot Club in the State Court Case and therefore no application to the Policy that Plaintiff asserts is implicated by the actions in the State Court Case.

**(4) Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which defendant contends are applicable to this action.**

While not an exhaustive list, the following list of cases and statutes are relevant to the claims herein:

- *28 U.S.C. § 2201.* Kinsale's failure to assert an actionable and justifiable claim.

- *Fed. R. Civ. Proc. 12(b)(6). Kinsale's failure to state a claim due to, inter alia, ripeness and further that the assertion of the exclusions against a Georgia nonprofit are against public policy.*

- *Frulla v. CRA Holdings, Inc.*, 543 F.3d 1247, 1250 (11th Cir.2008) (quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 559-60 (1992)). Under Article III of the Constitution, federal courts may only hear 'cases or controversies.

- See *James River Ins. Co. v. City Side Lofts Condo. Ass'n, Inc.*, 2017 WL 11629197 (N.D. Ga. 2017)("An insurer's duty to indemnify is not ripe for adjudication in a declaratory judgment action until the insured is in fact held liable in the underlying suit.").

- See *Capitol Specialty Insurance Corporation v. PTAV, Inc.*, 331 F. Supp. 3d 1329 (N.D. Ga. 2018)("This means that "where an insurer has a duty to defend a single claim the complaint presents, it has a duty to defend all the claims asserted.""")

- *First Specialty Ins. Corp. v. 633 Partners, Ltd.*, 300 F. App'x 777, 788 (11th Cir. 2008)(discussing that not all bodily injuries claims are excluded from coverage even to the extent that a policy is found to exclude assault and battery claims).

- *AIX Specialty Ins. Co. v. Sombreros, LLC*, 8:17-CV-843-T-26TBM, 2018 WL 1635643, at *5 (M.D. Fla. 2018)(stating that a detailed review of "eight corners of the complaint and policy to assess whether Plaintiff's duty to defend was triggered" and that "cases involving the interpretation of assault or battery exclusions are abundant and not necessarily easily [to] reconcile.")

- *Auto-Owners Ins. Co. v. Elite Homes, Inc.*, 676 F. App'x 951 (11th Cir. 2017)("The duty to defend an entire action arises when the underlying complaint alleges 'facts that fairly and potentially bring the suit within policy coverage.' Further, if "the complaint alleges facts partially within and partially outside the scope of coverage, the insurer is obligated to defend the entire suit.' Any doubts about whether the duty to defend is triggered are resolved in favor of the insured."

     **(5) Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information.**

          a.     Kinsale Insurance Company. Kinsale issued the Policy to

6

Camelot Club. Kinsale and any agents, brokers, fiduciaries, or representatives "who had the authority to issue the [insurance] binder for [Kinsale] may have provided definitions, explanations, or supplemental information to the binder that confused, induced or inaccurately presented the scope of coverage. See *First Specialty Ins. Corp. v. 633 Partners, Ltd.*, 300 F. App'x 777, 789 (11th Cir. 2008). Plaintiff should be contacted through its counsel.

b.     Miquavious Blanchard.  Plaintiff in the State Court Case is likely to have discoverable information relating to the facts and issues raised in his underlying claims, including but not limited to the lack of any articulable damages suffered.

b.     Past, present and future employees, agents, representatives and/or record custodians of Camelot Club Condominium Association, Inc., including, but not necessarily limited to, a corporate designee to be named, c/o Camet Club's counsel. These individuals are may have discoverable information relating to the facts and issues raised in general premises maintenance.

d.      Any and all individuals who provided Plaintiff with any medical treatment at any time, who were present at the time of the Shooting (as defined by Plaintiff) or who were occupants, residents or visitors to the private unit where the purported facts State Court Case allegedly occurred.

f.      Any and all persons named in response to discovery requests, Initial Disclosures by any party, or in any pleadings.

g.      Any and all persons whose names appear on any document produced by any party to this litigation or any document which relates to the Plaintiff.

h.      Any and all persons whose name appears on any document produced in response to a subpoena.

i.      Any and all witnesses listed by any other party.

j.      Any and all witnesses who are deposed in this case.

k.      Any and all witnesses whose testimony is used in rebuttal or impeachment.

l.      Any and all persons whose testimony is used for authentication of any document or exhibit or to lay foundation for the admission of evidence.

m.      Defendant reserves the right to identify other individuals as discovery proceeds and as other documents are identified.

**(6) Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed.R.Civ.P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule.**

No experts have been identified at this time.  Camelot Club reserves the right to name potential experts as discovery progresses.

**(7) Provide a copy of, or description by category and location of, all documents, data compilations or other electronically stored information, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information.**

All of the following documents are located at Defendant's offices.  Some or all of these documents may also be in the possession of Plaintiff:

a.      Kinsale's Policy number 0100192584-0 issued to Camelot, attached as Exhibit "B" to Plaintiff Complaint. [Doc. No. 1.]

b.   State Court Case which is attached as Exhibit A to Plaintiff's Original Complaint including the remainder of the State Court Case including the current dismissal. [Doc. No. 1.]

c.   Any facts reflected in additional pleadings in the State Court Case relevant to the degree of bodily injury or the Shooting. Defendant should be contacted through counsel but is represented by Zach Matthews, Esq., McMickle, Kurey & Branch, LLC, 217 Roswell St. #200, Alpharetta, GA.

d.   Any and all correspondence from/to Defendant and Plaintiff relating in any way to the claims and defenses in this case.

The following documents are expected to be generated or produced during the discovery and litigation process:

e.   Any and all documents produced by any party to this action in response to discovery requests, initial disclosures and/or for any other purpose.

f.   Any and all witness statements.

g.   Any and all exhibits attached to pleadings filed with the Court.

h.    Any and all deposition transcripts and documents marked as exhibits at a deposition in this action.

i.    Any and all exhibits used for rebuttal and/or impeachment.

j.    Any and all compilations and/or demonstrative exhibits.

k.    Any and all documents reviewed by, created by, and/or used by any expert witness.

l.    Any and all exhibits listed by Plaintiff.

m.    Any and all exhibits used for a foundation for the admission of evidence.

n.    Camelot Club states that discovery has not yet begun in this case and its will supplement this information as required.

**(8) In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying under Fed.R.Civ.P. 34.**

Not applicable.

**(9) If defendant contends that some other person or legal entity is, in whole or in part, liable to the plaintiff or defendant in this matter, state the full name, address, and telephone number of such person or entity and describe in detail the basis of such liability.**

Not applicable.

**(10) Attach for inspection and copying as under Fed.R.Civ.P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments to satisfy the judgment.**

Not applicable.

Discovery in this matter is ongoing, and Defendant reserves the right to amend these initial disclosures as more facts become available to it.

This 28th day of July, 2025.

Cobb, Olson & Andrle, LLC

By:   */s/John D. Andrle*
Georgia Bar No. 488330
Attorneys for Defendant Camelot Club Condominium Association, Inc. and Defendant Camelot Club Homeowners Service, Corp.

500 Sugar Mill Road
Suite 160-B
Atlanta, GA 30350
(770) 200-8587
(770) 635-2587 facsimile
jandrle@coalegal.com

12

## CERTIFICATE OF SERVICE

I hereby certify that on July 28, 2025, I electronically filed the foregoing **DEFENDANT'S INITIAL DISCLOSURES** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing and to non-CM/ECF participants by first-class mail with adequate postage affixed thereto:

Stephen Kahn
Fields Howell LLP
665 8th NW
Atlanta, GA 30318

This 28th day of July, 2025.

Cobb, Olson and Andrle, L.L.C.

By:   */s/John D. Andrle*
      Georgia Bar No. 488330
      Attorneys for Defendant Camelot Club
      Condominium Association, Inc. and
      Defendant Camelot Club Homeowners
      Service, Corp.

500 Sugar Mill Road
Suite 160-B
Atlanta, GA 30350
(770) 200-8587
(770) 635-2587 facsimile
jandrle@coalegal.com

13